UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY DAVID JOHNSON<br>    Plaintiff | CIVIL ACTION NO. |
| | SECTION: |
| VERSUS | JUDGE: |
| NCL (BAHAMAS) LTD.<br>D/B/A NORWEGIAN CRUISE LINE<br>    Defendant | MAGISTRATE: |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line ("NCL"), appearing solely for the purpose of removing this cause from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 9 U.S.C. § 205, with full reservation of all rights, exceptions and defenses, specifically including, but not limited to, jurisdiction and venue, and respectfully represents:

1.

NCL removes this cause pursuant to 9 U.S.C. § 205, as the subject matter of the cause relates to an arbitration agreement falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the Convention").

2.

Plaintiff, Kelly David Johnson ("Plaintiff"), an American citizen and domiciliary of Bulgaria, alleges that he was injured on or about October 31, 2014, while working as a seaman on board the NORWEGIAN DAWN.

3.

Defendant, NCL, is a corporation organized under the laws of Bermuda with is principal

place of business in Miami, Florida, and is the owner of the NORWEGIAN DAWN.

4.

On August 15, 2014, Plaintiff entered into an employment agreement with NCL ("the

Agreement"), pursuant to which Plaintiff was to work as a pit supervisor in the casino aboard the

NORWEGIAN DAWN.  A copy of this agreement, which governed Plaintiff's employment with

NCL at all times pertinent hereto, is attached as Exhibit A.

5.

Article 21 of the Agreement is an arbitration provision that requires Plaintiff to submit all

disputes to arbitration.  The provision provides, in pertinent part:

> ARBITRATION – the Seafarer agrees, on his own behalf and on
> behalf of his heirs, executors, and assigns, that any and all claims,
> grievances, and disputes of any kind whatsoever relating to or in
> any way connected with the Seafarer's shipboard employment with
> Company including, but not limited to, claims such as personal
> injuries, Jones Act claims, actions for maintenance and cure,
> unseaworthiness, wages, or otherwise, no matter how described,
> pleaded or styled, and whether asserted against Company, Master,
> Employer, Ship Owner, Vessel or Vessel Operator, shall be
> referred to and resolved exclusively by binding arbitration pursuant
> to United Nations Convention on Recognition and Enforcement of
> Foreign Arbitral Awards (New York 1958) ("The Convention") ...
> The place of arbitration shall be the Seafarer's country of
> citizenship … The arbitration referred to in this Article is exclusive
> and mandatory.  Lawsuits or other proceedings between the
> Seafarer and the Company may not be brought except to enforce
> the arbitration provision of this Agreement or to enforce a decision
> of the Arbitrator …

6.

The Agreement envisaged performance abroad, as Plaintiff's work as a casino pit supervisor on the cruise ship, which was constantly at sea between U.S. and foreign ports, was to be performed primarily outside the United States.

7.

Accordingly, the Agreement constitutes an arbitration agreement falling under the Convention.

8.

On or about August 14, 2015, Plaintiff served NCL with a petition filed in Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2015-6127, Division J, Section 5, asserting claims for Jones Act negligence and failure to provide maintenance and cure. A copy of the docket sheet, the petition and all other pleadings, process and orders in this case is attached hereto as Exhibit B, pursuant to 28 U.S.C. § 1446(a). The time for filing responsive pleadings was extended until September 30, 2015 by stipulation of the parties, which subsequently was formalized by court order.

9.

Plaintiff's claims arise out of his employment with NCL, and, pursuant to the terms and conditions of the Agreement, the parties are mandated to submit this dispute to arbitration in the United States. As such, both at the time that the suit was initiated, and at the time of the present removal, this dispute is subject to mandatory arbitration in the country of Plaintiff's citizenship, namely, the United States.

10.

The arbitration mandated between Plaintiff and NCL is subject to the provisions of the Convention and, therefore, the Convention and its enabling legislation are controlling pursuant to 9 U.S.C. §§ 201 et seq. The United States is a signatory of the Convention.

11.

This suit is an action of which this Court has original jurisdiction under 9 U.S.C. §§ 202 et seq., and one that may be removed to this Court pursuant to 9 U.S.C. § 205 at any time before trial thereof, in that it is an action rising under the laws of the United States and relating to an arbitration agreement falling under the Convention.

12.

Removal is timely, as there has been no trial of the state court action.

WHEREFORE, NCL hereby removes Civil Action No. 2015-6127, filed in Division J, Civil District Court for the Parish of Orleans, State of Louisiana, to this Court. A copy of this notice has been sent to the Clerk of Civil District Court for the Parish of Orleans, State of Louisiana, in which this action was commenced, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

**/s/      H. Jake Rodriguez**
ANTONIO J. RODRIGUEZ (#11375)
H. JAKE RODRIGUEZ, T.A. (#27867)
SUSAN G. KELLER-GARCIA (#30574)
Fowler Rodriguez
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone:    (504) 523-2600
Facsimile:    (504) 523-2705

*Counsel for Defendant, NCL (Bahamas) Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on all counsel of record by hand delivery, by facsimile, by depositing same in the U.S. mail, postage prepaid and properly addressed, or through this Court's CM/ECF electronic filing system this 14th day of September, 2015.

**/s/      H. Jake Rodriguez**